IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Henry Kevin Grant, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 8:25-cv-13143-BHH |
| v. | ) | |
| | ) | **ORDER** |
| Catherine West, William R. Holloway, | ) | |
| K. Michelle Simmons, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff Henry Kevin Grant's ("Plaintiff")
complaint filed pursuant to 42 U.S.C. § 1983.  In accordance with 28 U.S.C. § 636(b) and
Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate
Judge for preliminary review.

On October 30, 2025, Magistrate Judge William S. Brown issued a report and
recommendation ("Report"), outlining the issues and recommending that the Court
summarily dismiss this action for failure to state a claim, without issuance and service of
process, and without leave to amend.  (ECF No. 8.)  Attached to the Magistrate Judge's
Report was a notice advising Plaintiff of the right to file written objections to the Report
within fourteen days of being served with a copy.  On November 20, 2025, Plaintiff filed
objections to the Report, and the matter is ripe for review.  (ECF No. 11.)

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court.   The
recommendation has no presumptive weight, and the responsibility to make a final
determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court

is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

In her Report, the Magistrate Judge outlined Plaintiff's allegations and found that this action is subject to summary dismissal because the allegations in Plaintiff's complaint fail to state a plausible claim for relief. (ECF No. 8 at 1-5.) Specifically, the Magistrate Judge explained that all three Defendants are subject to dismissal because they are not state actors subject to suit under § 1983 or are immune from suit. (*Id.* at 5-8.) Additionally, the Magistrate Judge explained that Plaintiff's allegations are vague and conclusory, and that Plaintiff's allegations, to the extent they challenge charges pending against Plaintiff or his present pretrial incarceration, are not properly before the Court based on the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). (*Id.* at 8-13.) Thus, after liberally construing Plaintiff's allegations, the Magistrate Judge recommended that the Court summarily dismiss this action for a number of reasons.

In his objections to the Magistrate Judge's Report, Plaintiff merely rehashes his assertion that Defendants improperly waived his preliminary hearing and violated his constitutional rights. (ECF No. 11 at 1-2.) Importantly, however, nowhere in his objections does Plaintiff point to any factual or legal error in the Magistrate Judge's analysis, and after *de novo* review, the Court fully agrees with the Magistrate Judge's analysis and finds Plaintiff's objections unavailing

## <u>CONCLUSION</u>

For the foregoing reasons, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 8); the Court overrules Plaintiff's objections (ECF No. 11); and the Court summarily dismisses this action for failure to state a claim, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

<u>/s/Bruce H. Hendricks</u>
United States District Judge

December 9, 2025
Charleston, South Carolina